J-S19040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FERNSLER | : | |
| | : | |
| Appellant | : | No. 1747 MDA 2022 |

Appeal from the PCRA Order Entered November 18, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002173-2006

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: NOVEMBER 9, 2023**

Michael Fernsler ("Fernsler") appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

This Court previously summarized the case history as follows:

In August 2007, Fernsler [a former police officer] pled guilty to involuntary deviate sexual intercourse [] and other sexual offenses, relating to his having forced four-year-old twin girls to perform oral sex on him.[1]  In January 2008, the trial court sentenced Fernsler to an aggregate prison term of 26–52 years.

> [1] We observe that, while he was out on bail and awaiting sentencing, Fernsler kidnapped and sexually assaulted a fourteen[-]year-old girl, which resulted in additional convictions.  ***See Commonwealth v. Fernsler***, [1894 MDA 2012] (Pa. Super. 2013) (unpublished memorandum, [at 2]).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

This Court affirmed the judgment of sentence. ***See Commonwealth v. Fernsler***, 981 A.2d 918 (Pa. Super. 2009) (unpublished memorandum). Fernsler thereafter filed a [p]etition for allowance of appeal, *nunc pro tunc*, which the Supreme Court of Pennsylvania denied. ***See Commonwealth v. Fernsler***, [155 MM 2011] (Pa. 2012).

Fernsler filed his first PCRA [p]etition in May 2012, which the PCRA court later dismissed as being untimely filed. This Court affirmed the dismissal, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. Fernsler***, 87 A.3d 385 (Pa. Super. 2013) (unpublished memorandum), ***appeal denied***, 85 A.3d 482 (Pa. 2014).

[Fernsler also filed an unsuccessful petition for a writ of *habeas corpus* in 2014. ***See Fernsler v. Dauphin County, Pa.***, 2015 WL 3838077 (M.D. Pa. Jun. 22, 2015).]

[In 2016,] Fernsler filed [two] identical *pro se* PCRA [p]etitions. … [T]he PCRA court dismissed Fernsler's [p]etition, after which Fernsler filed a timely *pro se* Notice of Appeal.

***Commonwealth v. Fernsler***, 169 A.3d 1187 (Pa. Super. 2017) (unpublished memorandum at 1-2) (one footnote in original, remaining footnotes and some dates omitted).

This Court affirmed the dismissal as untimely of Fernsler's second PCRA petition. ***See id***. at 7. Fernsler did not seek leave to appeal to the Pennsylvania Supreme Court.

Fernsler *pro se* filed the instant PCRA petition, his third, on December 21, 2021. The PCRA court appointed counsel, who, after concluding Fernsler's PCRA petition was time-barred, filed a "no-merit" letter and motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*See* Motion to Withdraw, 3/16/22. The PCRA court granted counsel's motion to withdraw and issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing, to which Fernsler filed a *pro se* response. The court subsequently dismissed the petition. Fernsler timely appealed.[2]

On appeal, Fernsler raises the following issues *pro se*:

[1.] Were [Fernsler's] Fourth and Fourteenth Amendment rights of the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution violated due to law enforcement negligence in the collection of evidence which was utilized to obtain probable cause for [the] issuance of arrest and search warrants?

[2.] Were [Fernsler's] Fourth, Fifth, and Fourteenth Amendment rights of the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution violated due to unfactual [*sic*] testimony under oath provided on the [a]ffidavit of [p]robable [c]ause used to obtain warrants?

[3.] Were [Fernsler's] Sixth and Eighth Amendment rights of the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution violated due to [i]neffective [a]ssistance of [c]ounsel for failure to provide professional and ethical representation to [Fernsler]?

[4.] Were [Fernsler's] Eighth and Fourteenth Amendment rights of the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution violated due to the aggravated sentence as a result of a guilty plea?

Fernsler's Brief at v-vi (bolding omitted).

---

[2] The PCRA court did not order Fernsler to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925. The PCRA court issued an opinion adopting its earlier opinion dismissing Fernsler's PCRA petition. *See* Opinion Pursuant to Pa.R.A.P. 1925, 2/6/23, at 1.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id***.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Fernsler's judgment of sentence became final on August 10, 2009, thirty days after this Court affirmed the judgment of sentence and Fernsler

failed to file a timely petition for leave to appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). He did not file the instant petition until December 21, 2021. Thus, the petition is untimely. A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Critically, Fernsler has not pled or proven an exception to the PCRA's timeliness requirement.[3] *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). On appeal, he does not acknowledge his petition is untimely, does not mention the timeliness

---

[3] While Fernsler checked the boxes next to claims regarding "improper obstruction by governmental officials" and "newly discovered evidence" in his PCRA petition, he never expanded upon those claims below and does not discuss them at all in his brief on appeal. *See* PCRA Petition, 12/21/21, at 2; Fernsler's Brief at 4-38.

requirements, and does not argue he meets any of the exceptions. Fernsler's Brief at 4-38.

The PCRA court held:

> In the instant matter, [Fernsler's] PCRA [p]etition is untimely, as it was not filed within one year of the date his judgment became final. Because [Fernsler's] PCRA [p]etition is untimely, [the PCRA c]ourt lacks jurisdiction to address any merits.

PCRA Court Opinion, 11/18/22, at 4 (unnumbered) (citation omitted).

Appellant's petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." *Lewis*, 63 A.3d at 1281.[4]

Order affirmed.

_____

[4] In any event, Fernsler's challenges to the way the police collected the evidence in this matter and to any errors in the affidavit of probable cause are procedurally barred because of his guilty plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (stating that by pleading guilty a defendant "waives his right to challenge … all nonjurisdictional defects except the legality of the sentence and the validity of the plea."). Moreover, these issues, along with Fernsler's challenge to his sentence and his claims of ineffective assistance of pre-trial, plea, sentencing, and appellate counsel are also subject to waiver because Fernsler could have raised them on direct appeal or in his prior PCRA petitions but did not. *See* 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction [sic] proceeding.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/09/2023